■ BRYANT AVENUE TENANTS' ASSOCIATION et al., Plaintiffs, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Defendants. REGENT'S PARK TENANT'S ASSOCIATION, Respondent; REGENT'S PARK ASSOCIATES, Appellant. BRYANT AVENUE TENANTS' ASSOCIATION et al., Plaintiffs, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Defendants. BEVERLY ABRAMS et al., Respondents; HYDE PARK ASSOCIATES, Appellant.—Eight orders of the Supreme Court, New York County (Elliott Wilk, J.), entered September 23, 1986, which preliminarily enjoined appellant Hyde Park Associates from collecting or attempting to collect from respondents rent increases of

more than 6% a year for major capital improvements, are reversed, on the law, and respondents' motions for preliminary injunctions denied without prejudice to their moving again for such relief upon obtaining jurisdiction over appellant, without costs.

Order of the Supreme Court, New York County (Elliott Wilk, J.), entered November 14, 1986, which, *inter alia,* preliminarily enjoined appellant Regent's Park Associates from collecting or attempting to collect from respondent's members rent increases of more than 6% a year for major capital improvements, is reversed, on the law, and respondent's motion for a preliminary injunction denied without prejudice to it moving again for such relief upon obtaining jurisdiction over appellant, without costs.

Before us are two appeals. In the first, eight orders are brought up for review granting separate motions by eight rent-stabilized tenants for a preliminary injunction against their landlord collecting, or attempting to collect by such means as eviction proceedings, rent increases of more than 6% a year awarded by the Department of Housing and Community Renewal for major capital improvements *(see,* Rent Stabilization Law [Administrative Code of City of New York] § YY51-6.0 [c] [6]). In the second appeal, one order is brought up for review granting a motion by a different group of rent-stabilized tenants against their own landlord for the same relief. None of the parties to these appeals are parties to the action in which the orders on appeal were entered, although the plaintiffs in the action do appear on the appeal as *amici curiae.*

This is a class action brought by an association of rent-stabilized tenants against their landlord and various governmental agencies and officials challenging the legality of certain rent increases granted or to be granted by the Department of Housing and Community Renewal for major capital improvements. Plaintiffs tenants were successful in obtaining a preliminary injunction against the collection of such rent increases (Wilk, J.), and shortly thereafter were also successful in having the action certified as a class action (Wright, J.). The class certification order defines two classes—a plaintiff class consisting of all rent-stabilized tenants in New York City "whose landlords have obtained or will obtain rent increases based on major capital improvements within the past or may in the future apply for such increases", and a defendant class, consisting of all landlords of rent-stabilized housing in New York City "who have obtained rent increases based on major

capital improvement within the past or who may in future *[sic]* apply for such increases". The class certification order also provides that notice be given within 90 days of its entry to all members of both the plaintiff and defendant classes advising them of the pendency of the class action and "of the right of class members to exclude themselves from the class action". Proposing a form of notice for the court's approval, the plaintiffs, as class representatives, simultaneously moved for an order extending the preliminary injunction previously granted to them against their landlord to all members of the plaintiff and defendant classes. This motion was opposed by the governmental defendants on the ground that their appeal from the class certification order automatically stayed implementation of that order pursuant to CPLR 5519 (a). The court (Wright, J.), in an order not in issue on this appeal, held that the appeal had that effect, and denied the motion.

The denial of this motion made by the plaintiffs for class-wide relief left other landlords, not named in the action but clearly members of the defendant class, free to collect rent increases for major capital improvements from their own tenants, not named in the action but clearly members of the plaintiff class. Undaunted, these unnamed, unjoined tenants, the respondents on these appeals, took the initiative by themselves seeking the relief denied them when sought for them by the plaintiffs. They did this by separately making motions in this action for injunctive relief against their respective landlords, the appellants on these appeals. The motions were in each instance supported by an affidavit from the particular tenant seeking relief alleging rent increases in excess of what the law permits for major capital improvements. The court (Wilk, J.) granted these motions on the ground that respondents were no less entitled to injunctive relief against appellants as the named plaintiffs tenants were against the named defendant landlord.

While appellants argue that they and respondents are not similarly situated to the parties named in the action, we find it unnecessary to address that question. Notwithstanding that respondent tenants may be similarly situated to the named plaintiffs tenants and appellants landlords to the named defendant landlord, and that respondents were asking for nothing more in the way of relief against appellants than had already been granted in favor of the plaintiffs against the defendant, the relief sought should not have been granted without first having added appellants and respondents as parties to the action *(see,* CPLR 1003; *see also,* CPLR 1012-

1013, 305 [a]). Such joinder was necessary because, although the action was brought as a class action, the order certifying it as such had not been implemented by the giving of notice to class members as of the time the injunctive relief under review was granted. Nonimplementation of the class certification order meant that the injunction previously issued in the action affecting the named parties could not affect the parties to these appeals or any other members of the classes defined in the class certification order.

The plaintiffs, as class representatives and *amici curiae* on appeal, argue that recent events have made these appeals academic. Approximately two months before these appeals were submitted, this court affirmed the class certification order as well as the order granting the injunction in favor of and against the parties named in the action. Plaintiffs argue that these affirmances settle that the injunction is to be given class-wide effect, and that since appellants and respondents are indisputably members of the classes certified, and since the automatic stay of CPLR 5519 is no longer in effect and notice to the classes may now issue, the controversy is moot. We disagree. This mootness argument does not address the provision of the class certification order giving class members the "right" to opt out. While we do not mean to prejudge the effect of this provision, and are mindful that it is not the subject of argument on these appeals, it does not appear that appellants will be required, against their will, to remain in the action as members of the defendant class. Indeed, in the motion that sought to give the preliminary injunction class-wide effect, the plaintiffs, as described by the court (the record on that motion is not before us), also sought an order "binding all plaintiff and defendant class members not to 'opt out' with respect to the claims to be litigated against the defendant class". Such relief, which would have apparently been in the nature of a modification of the class certification order, was also denied. Should appellants opt out, as it appears to be their right to do, they will have to be either added as parties to this action or sued in independent actions in order to obtain the jurisdiction necessary to the granting of the injunctive relief sought against them by respondents. Concur—Sandler, J. P., Sullivan, Kassal and Wallach, JJ.